UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JAMES BURNS,

                                                              *Plaintiff,*

-against-

TILEBAR LLC, SOHO STUDIO, LLC,
SEA SHEPHERD, CORP., and
ELIEZER MECHLOVITZ, individually,

                                                    *Defendants.*
------------------------------------------------------------------X

**Docket No.: 1:20-cv-06618**

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

       This matter having come before the Court by stipulation of Plaintiff James Burns ("Plaintiff"), and Defendants Tilebar LLC, Soho Studio, LLC, Sea Shepherd, Corp. and Eliezer Mechlovitz ("Defendants") for the entry of a protective order pursuant to the Second Amended Standing Administrative Order 11 Misc. 003 and Rule 26(c) of the Federal Rules of Civil Procedure, limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below. The parties, through their respective counsel, having stipulated and agreed to the terms set forth herein, and have shown good cause.

       It is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties.

       1.    This Order is being entered into to facilitate the production, exchange and discovery of documents and information that a producing party contends merits confidential treatment (hereinafter the "Documents" or "Testimony").

2.     Either party may designate Documents or other information produced (including but not limited to written discovery responses), or Testimony given, in connection with this action as "Confidential," either by notation on each document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means. A party may designate information produced by any other party as "Confidential" by informing the producing party in writing and directing the producing party to mark the information as "Confidential" by appropriate means.

3.     As used in this Protective Order:

(a)     "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as "Confidential," if such Documents or Testimony contain (i) trade secrets; (ii) proprietary business information; (iii) competitively sensitive information; (iv) sensitive personal information regarding individuals (including but not limited to social security numbers, financial account numbers, credit card numbers, mothers' maiden names, passwords, drivers' license numbers or state identification numbers, and dates of birth, as well as compensation, home addresses, personal e-mail addresses, and telephone numbers of persons other than the Plaintiff); (v) names of minor children; (vi) tax documents of individuals including the Plaintiff; (vii) medical information, including but not limited to Plaintiff's medical records, or (viii) other information the disclosure of which would, in the good faith judgment of the party designating the material as "Confidential," be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

(b)     "Producing Party" shall mean the parties to this action producing "Confidential Information" in connection with depositions, document production or otherwise, or the party asserting confidentiality, as the case may be.

2

(c) "Receiving Party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

4. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information. If the Producing Party does not agree to declassify such document or material, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

5. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under this Order Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

6. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a) The requesting party and counsel, including in-house counsel;

(b) Employees of such counsel assigned to and necessary to assist in the litigation;

(c) Expert Witnesses or consultants assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 9;

3

(d) The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court) if filed in accordance with paragraph 13;

(e) An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 11; and

(f) Trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 10 and 11.

7. The Producing Party's failure to designate Confidential Information at the time of production does not waive its right to do so, provided that written notification is subsequently given to the Receiving Party of the Confidential status of the document or information. Further, such failure shall not be deemed to be a waiver in whole or in part of that Producing Party's claim of confidentiality going forward, either as to the specific Confidential Information inadvertently disclosed or as to any other document or information relating thereto or on the same or related subject matter. Upon receiving notification that the Producing Party is designating previously produced documents or information as Confidential Information, the Receiving Party shall subsequently notify any person to whom such materials have been disclosed that the materials have been so designated.

8. Deposition testimony and transcripts shall presumptively be treated as Confidential Information and subject to this Order during the deposition and for a period of thirty (30) days after a final transcript of said deposition is received by counsel for each of the parties in order to give either party sufficient opportunity to designate such testimony as Confidential Information.

9.      Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 6(c), counsel for the Receiving Party shall receive the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms.  A consultant or expert may sign Exhibit A on behalf of themselves and the employees of their firm designated to work on this matter.  Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party at the time of the disclosure of the information required to be disclosed, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

10.     Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, the Producing Party shall file a motion regarding and the Receiving Party may disclose Confidential Information do so only after taking such steps as the Court shall deem necessary to preserve the confidentiality of such Confidential Information.

11.     This Order shall not preclude counsel for the parties from using during, or in preparation for, any deposition or other testimony in this action any documents or information which have been designated as Confidential Information under the terms provided that all the procedures and requirements set forth herein are satisfied.  Any court reporter and deposition or trial witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Order and shall execute Exhibit A.  Counsel for the party obtaining the certificate shall, upon request, supply a copy to counsel for the other party.  Should any witness refuse to sign the certificate, counsel for the party seeking to put forth the witness may seek relief from the Court.

12.     A party may designate as Confidential Information subject to this Order any document, information, or deposition testimony produced or given by any non-party to this case,

or any portion thereof. In the case of Documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to thirty (30) days after actual receipt of copies of those documents by counsel for the party asserting confidentiality. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to thirty (30) days after the transcript is received by counsel for the party asserting confidentiality. Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.

13. A Receiving Party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated as comprising or containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information will follow Rule 1.D of the Individual Rules and Practices of Judge George B. Daniels or the applicable rules effective at the time of the filing.

14. The production or disclosure of Confidential Information during any stage of the above-captioned case shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

15. Nothing contained herein shall prevent any party from disclosing or using its own Confidential Information in any manner the party chooses.

16. At the conclusion of litigation, the Confidential Information and any copies shall, upon request, be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except

that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected. In the event that any party chooses to destroy physical objects and documents in response to a request for the return of confidential material, such party shall certify in writing within thirty days of the final termination of this litigation subject to no further appeal that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge.

17. This Order may be changed by further order of this Court.

/s/ *[signature]*
Brian Heller
Schwartz Perry & Heller LLP
3 Park Avenue, Suite 2700
New York, NY 10016
(212) 889-6565
Fax: (212) 779-8208
Email: bheller@sphlegal.com

Attorney for Plaintiff:
James Burns

/s/
Blythe E. Lovinger
Vedder Price P.C. (NY)
1633 Broadway, 31st Floor
New York, NY 10019
(212) 407-7700
Fax: (212) 407-7799
Email: blovinger@vedderprice.com

Attorney for Defendants:
Tilebar LLC, Soho Studio, LLC,
Sea Shepherd, Corp., and
Eliezer Mechlovitz

IT IS SO ORDERED.

Dated: **DEC 2 2 2020**

*[signature]*
Judge George B. Daniels

**Exhibit A**

UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF NEW YORK
------------------------------------------------------------------X
JAMES BURNS,

                                       *Plaintiff,*

-against-

TILEBAR LLC, SOHO STUDIO, LLC,
SEA SHEPHERD, CORP., and
ELIEZER MECHLOVITZ, individually,

                                       *Defendants.*
------------------------------------------------------------------X

**Docket No.: 1:20-cv-06618**

**STIPULATED PROTECTIVE ORDER**

AGREEMENT TO RESPECT CONFIDENTIAL MATERIAL

I, _____, state that:

1. My present employer is: _____.

2. My present occupation or job description is _____.

3    I have been informed by counsel that certain documents or information disclosed to me in connection with the matter entitled have been designated as Confidential Information. I have been informed that any such documents or information labeled "Confidential" are confidential by Order of the Court.

4.    I hereby agree that I will not disclose any information contained in such documents to any other person not qualified to receive this Confidential Information. I further agree not to use any such information for any purpose other than this litigation.

5.    I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

Dated: _____        _____
                                                               Signature