UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

James Burns,

                Plaintiff,

-against-

Tilebar LLC et al.,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/18/2021

1:20-cv-06618 (GBD) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

The Court has reviewed letters from the parties concerning a recent discovery dispute between Plaintiff James Burns ("Plaintiff" or "Burns") and Defendants TileBar LLC ("TileBar"), Soho Studio, LLC, Sea Shepherd, Corp. and Eliezer Mechlovitz ("Mechlovitz") (collectively, "Defendants")[1] and held a telephone conference to address the dispute. For the reasons set forth below, the Court resolves the dispute in favor of Plaintiff.

**BACKGROUND**

Burns, who was raised as a Roman Catholic, bring claims for religious discrimination and retaliation, as well as unequal pay, under federal, state and city law. (*See* Compl., ECF No. 1, ¶¶ 114-210.) Commencing in November 2018, he worked as Chief Human Resources Officer at TileBar. (*Id*. ¶ 12.) Burns alleges that, soon after he commenced his employment, he became aware that there was a pay disparity at TileBar between Orthodox Jewish men in senior

---

[1] (*See* Joint Ltr. Mot., ECF No. 23; Pl.'s Ltr. Mot., ECF No. 26; Defs.' Ltr. Resp., ECF No. 27; Pl.'s Ltr. Reply, ECF No. 28.)

management[2] as compared to similarly situated women[3] and non-Orthodox men (including Burns himself), and that the compensation paid to the Orthodox Jewish men was substantially greater than what senior women and non-Orthodox men were receiving. (*See id*. ¶¶ 20-22, 24.)

Burns himself complained about the discriminatory pay disparity and also brought forth the complaints that Neuman, Pifko and Monteiro had brought to him in his capacity as the Chief Human Resources Officer, but TileBar took no action. (*See* Compl. ¶¶ 38, 43-46.) On February 4, 2020, Burns sent an email containing a written complaint of discrimination to Mechlovitz, TileBar's Chief Executive Officer. (*Id*. ¶¶ 9, 97). Burns was terminated two days later based on what he characterizes as the pretext that he had disclosed confidential information (*See id*. ¶¶ 100-01, 106-08.) Burns alleges that he actually was terminated in retaliation for his repeated complaints of discrimination, on behalf of himself and the female employees. (*Id*. ¶ 108.)

On August 19, 2020, Plaintiff filed this action (*see* Compl.), and on October 26, 2020, Defendants filed their Answer. (Answer, ECF No. 12.) On December 22, 2020, a Stipulated Confidentiality and Protective Order was entered, providing a mechanism for confidential treatment of documents produced during discovery. (Prot. Order, ECF No. 16.) In the Protective Order, "Confidential Information" is defined to include "compensation . . . of persons other than the Plaintiff." (*See id*. ¶ 3(a).) On January 19, 2021, a Civil Case Management Plan was entered. (Case Mgt. Plan, ECF No. 19.) On February 8, 2021, Plaintiff served his First Notice to Produce.

---

[2] These men included Craig Swimmer ("Swimmer"), Ariel Gantz ("Gantz"), Nelson Goodman ("Goodman"), Sam Dewick ("Dewick") and Chaim Rosenbach ("Rosenbach"). (*See* Compl. ¶¶ 13, 34, 37-38; Pl.'s Ltr. Mot. at 2; Defs.' Ltr. Resp. at 3.)

[3] These women included Elisheva Neuman ("Neuman"), Malka Pifko ("Pifko") and Faith Monteiro ("Monteiro"). (*See* Compl. ¶¶ 33, 36, 43.)

(*see* Pl.'s Ltr. Mot. at 1), and on April 30, 2021, Defendants served their response and objections. (See Ex. A to Pl.'s Ltr. Mot., ECF No. 26-1.)

In the document requests in dispute (*i.e.*, Request Nos. 17-24), Burns seeks documents reflecting compensation that each of Swimmer, Gantz, Goodman, Dewick, Rosenbach, Monteiro, Neuman and Pifko received at TileBar from January 1, 2017 to the present. (*See* Ex. A to Pl.'s Ltr. Mot. at 11-14.) Defendants object to these requests on various grounds, including that they seek information that is not relevant and that they seek "highly confidential compensation information." (*See id*; *see also* Defs.' Ltr. Resp. at 2-4.)

## LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b). Evidence is "relevant" if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

Discovery-related matters are left to the sound discretion of the court. *See Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, 328 F.R.D. 450, 452 (S.D.N.Y. 2018). Moreover, a district court has broad latitude to determine the scope of discovery and to manage the discovery process. *See id*.

## ANALYSIS

Documents reflecting the compensation paid to Swimmer, Gantz, Goodman, Dewick and Rosenbach, *i.e.*, the Orthodox Jewish senior managers, are relevant to Plaintiff's religious discrimination and equal pay claims. In those claims, Plaintiff alleges that he was told that "he

3

needed to 'understand' that the Orthodox Jewish men needed to earn more money" (*see* Compl. ¶ 118 (First Cause of Action)); that Defendants "treated [him] less well because of his religion . . . by failing to compensate him in a comparable manner with his peers based solely on his religion" (*id*. ¶¶ 126, 136 (Second and Third Causes of Action)); and that "Defendants paid higher wages to employees who were Orthodox Jewish men." (*Id*. ¶ 188 (Ninth Cause of Action).) In order to prove these claims, Plaintiff will need to have documents produced by Defendants reflecting the amount of compensation paid to the Orthodox Jewish senior managers.

Defendants argue that "Plaintiff must establish that [he] is similarly situated to [Swimmer, Gantz, Goodman, Dewick and Rosenbach] to receive their compensation information." (Defs.' Ltr. Resp. at 3.) No such burden exists under Rule 26 of the Federal Rules of Civil Procedure. At this stage of the action, Plaintiff need only establish that the compensation information is relevant to his claims, which he has done. *See Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000) ("Whether two employees are similarly situated ordinarily presents a question of fact for the jury.").

Documents reflecting the compensation paid to Monteiro, Neuman and Pifko, *i.e.*, the female employees, are relevant to Plaintiff's retaliation claims. In those claims, Plaintiff alleges that he was terminated in retaliation for his protests that female employees were paid less than their male counterparts. (*See* Compl. ¶¶ 145-46 (Fourth Cause of Action); ¶¶ 155-56 (Fifth Cause of Action); ¶¶ 163-64 (Sixth Cause of Action).) Documents establishing that the female employees in fact were paid less would have a tendency to make more probable Plaintiff's allegations as to the motivations behind his termination.

In opposing production of documents relating to the compensation paid to the female employees, Defendants argue that Plaintiff "cannot attempt to bring a pay disparity case on behalf of others who are employed with [TileBar]." (*See* Defs.' Ltr. Resp. at 4.) Plaintiff, however, is not seeking these documents to prove a case on behalf of the female employees. Rather, he is seeking the documents to prove his own case for retaliation—*i.e.*, that he was retaliated against for engaging in the protected activity of protesting the fact that the female employees were paid less than their male counterparts.

Defendants' objection to production of the foregoing compensation information based upon confidentiality is not well founded since there is a Protective Order already in place in this case. Indeed, the Protective Order appears to have contemplated production of compensation information of other employees, since such information was included as part of the definition of "Confidential Information." (*See* Prot. Order ¶ 3(a).)

**CONCLUSION**

Within seven days of the date of this Opinion and Order, Defendants shall produce documents reflecting compensation that each of Swimmer, Gantz, Goodman, Dewick, Rosenbach, Monteiro, Neuman and Pifko received at TileBar from January 1, 2017 to the present. In addition, as directed during today's telephone conference, no later than May 25, 2021, Defendants shall produce the documents responsive to the requests as to which the parties previously reached agreement.

The Clerk of Court is respectfully requested to terminate the Letter Motions filed at ECF Nos. 23 and 26.

**SO ORDERED.**

DATED: New York, New York
May 18, 2021

_____
STEWART D. AARON
United States Magistrate Judge